UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mary Jo Kufeld, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Jury Trial Demanded |
| Orthopedic Specialists, Inc., ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

NOW COMES Plaintiff Mary Jo Kufeld by and through her attorneys, O'Connor | O'Connor, P.C., and brings the following Complaint against Defendant Orthopedic Specialists, Inc. and in support thereof states as follows:

**NATURE OF ACTION**

1. Plaintiff Mary Jo Kufeld brings this action to redress violations of the Americans with Disabilities Act (42 U.S.C. §2000e) and the Age Discrimination in Employment Act of 1967 arising from Plaintiff's treatment in and termination from, her employment with Defendant.

2. Plaintiff seeks awards of compensatory damages, punitive damages, back pay and benefits, front pay and benefits, attorney's fees, costs, other monetary damages, other equitable and injunctive relief, and all other relief available under the relevant laws.

**JURISDICTION AND VENUE**

3. Counts I through IV are brought pursuant to The Americans with Disabilities Act 42 U.S.C. §12111 *et. seq.* Counts V and VI are brought pursuant to the Age Discrimination in Employment Act. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

4. Ms. Kufeld has exhausted all of her administrative remedies. She received her right to sue letter from the EEOC on September 25, 2017.

5. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

## GENERAL FACTUAL ALLEGATIONS

6. Ms. Kufeld is a 76-year old female.

7. Defendant Orthopedic Specialists, Inc. is an Illinois corporation located in DuPage County. The Office of the Illinois Secretary of State search indicates that the corporation is currently involuntarily dissolved.

8. Ms. Kufeld began her employment with Defendant on October 21, 2013, and worked in the billing department.

9. Ms. Kufeld worked at least 40 hours each week and between 5 to 10 hours of overtime each month.

10. Ms. Kufeld had hip arthritis, and in December 2015, she landed on both knees hard and crushed the head of her femur. It became very difficult for her to walk or move around after the injury.

11. On June 27, 2016, Plaintiff had total hip replacement surgery performed by Dr. Daryl O'Connor, owner of Defendant Orthopedic Specialists.

12. Dr. O'Connor cracked Ms. Kufeld's left femur pounding in the prothesis. Dr. O'Connor advised Ms. Kufeld that it was only cracked but stable.

13. Within less than two weeks after the surgery, Plaintiff was in terrible pain and found out that the crack was over an inch wide and that the prosthesis had dropped down.

14. As a result, Ms. Kufeld's left leg is now an inch shorter. Plaintiff has to wear an inch shoe lift on the outside of her left shoe and use a cane to prevent limping.

15. On August 12, 2016, Dr. O'Connor told Plaintiff that she could return to work without restrictions. Plaintiff was released from a rehab on August 19, 2016.

16. Ms. Kufeld contacted Susan Lynch, her supervisor and the office manager and notified that she could return to work on August 22, 2016, the Monday following her work release.

17. Plaintiff did not get any response from Ms. Lynch until August 25, 2016 even after she sent multiple text messages. Ms. Lynch directed Ms. Kufeld to contact her on August 26, 2016.

18. When contacted, Ms. Lynch told Plaintiff that she could do some work from home but would not allow Plaintiff to resume her regular hours that she had prior to the surgery. Plaintiff was told that she could not work more than 4 hours a day even though Plaintiff did not have any restrictions when she was released to return to work.

19. On August 29, 2016, Plaintiff found out that she was locked out of the work computer, and was told again that she could not work more than four hours.

20. Ms. Kufeld repeatedly requested to work more hours, but Ms. Lynch would not allow it.

21. On September 20, 2016, prior to her follow up medical appointment with Dr. O'Connor, Plaintiff stopped by her office to retrieve some personal items from her desk.

22. Upon entering the office, Ms. Kufeld found out that another employee had taken over her desk. The new employee, Dawn, is much younger than Ms. Kufeld. Upon information and belief, Dawn has replaced Plaintiff.

23. During the follow up appointment, Dr. O'Connor reiterated that Plaintiff could return to work without any restrictions. He also stated that he was not sure why Ms. Lynch had not allowed Plaintiff to return to her full 40 hour per week schedule she had requested.

24. Plaintiff attempted to contact Ms. Lynch to discuss her employment situation to no avail.

25. Ms. Kufeld retained an attorney and her attorney sent a letter to Defendant notifying that its conduct against her is in violation of various state and federal laws.

26. After Defendant received her attorney's letter, it prevented Plaintiff from working more hours from home by locking her out of various online systems she used to do work.

27. Despite her attorney's letter, Defendant did not allow Plaintiff to resume her previous hours.

28. On or about December 8, 2016, Plaintiff received a letter from Ms. Lynch stating that she was terminated effective immediately.

## COUNT I

### AMERICANS WITH DISABILITIES ACT
### DISABILITY DISCRIMINATION - DEMOTION

29. The previous paragraphs are hereby restated and re-alleged as if fully set forth in Count I.

30. Plaintiff is disabled within the meaning of the ADA because she has a physical impairment that substantially limits one or more major life activities

31. At all relevant times, Plaintiff was capable of performing all of the essential functions of her job with or without a reasonable accommodation.

32. Defendant was aware of Plaintiff's disability because owner of Defendant performed total hip replacement surgery and met with Plaintiff for follow up appointments.

33. Defendant cut Plaintiff's hours in half without any basis.

34. Defendant's actions discriminated against Plaintiff due to her disability by refusing to allow her to resume her previous hours and drastically reducing her income.

35. By conduct including, but not limited to that described above, Defendant demoted Plaintiff because of her disability in violation of her rights under the ADA.

36. By conduct including but not limited to that described above, Defendant intentionally discriminated against Plaintiff because of her disability in the enjoyment of the benefits, privileges, and terms and conditions of her employment, in violation of the ADA.

37. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Mary Jo Kufeld seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA, as amended;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory and punitive damages in an amount to be determined at trial;

d. An award of the costs of this action and reasonable attorney's fees;

e. An order requiring Defendants to remove any and all negative and/or adverse information from Plaintiff's personnel file and employment records and to correct or withdraw any such information that previously had been communicated or disseminated to any other party;

f. A permanent injunction preventing Defendants from further violations of Plaintiff's constitutional and statutory rights; and

g. Such other and further relief as this Court may deem just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION- TERMINATION

39. The previous paragraphs are hereby restated and re-alleged as if fully set forth in Count II.

40. Plaintiff is disabled under the meaning of the ADA because she has a physical impairment that substantially limits one or more major life activities

41. At all relevant times, Plaintiff was capable of performing all of the essential functions of her job with or without a reasonable accommodation.

42. Defendants were aware of Plaintiff's disability because owner of Defendant performed total hip replacement surgery and met with Plaintiff for follow up appointments.

43. Defendant terminated Plaintiff because of her disability.

44. By conduct including but not limited to that described above, Plaintiff was treated differently and less favorably than similarly situated non-disabled employees by Defendant. As a result, she was subject to different terms and conditions of employment and terminated due to her disability.

45. By conduct including but not limited to that described above, Defendant intentionally discriminated against Plaintiff because of her disability in the enjoyment of the benefits, privileges, and terms and conditions of her employment, in violation of the ADA.

46. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Mary Jo Kufeld, seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA, as amended;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory and punitive damages in an amount to be determined at trial;

d. An award of the costs of this action and reasonable attorney's fees;

e. An order requiring Defendants to remove any and all negative and/or adverse information from Plaintiff's personnel file and employment records and to correct or withdraw any such information that previously had been communicated or disseminated to any other party;

f. A permanent injunction preventing Defendants from further violations of Plaintiff's constitutional and statutory rights; and

g. Such other and further relief as this Court may deem just and equitable.

### COUNT III
### AMERICANS WITH DISABILITIES ACT
### DISABILITY DISCRIMINATION- RETALIATION

48. The previous paragraphs are hereby restated and re-alleged as if fully set forth in Count III.

49. Plaintiff is disabled under the meaning of the ADA because she has a physical impairment that substantially limits one or more major life activities

50. At all relevant times, Plaintiff was capable of performing all of the essential functions of her job with or without a reasonable accommodation.

51. Defendants were aware of Plaintiff's disability because owner of Defendant performed total hip replacement surgery and met with Plaintiff for follow up appointments.

52. Plaintiff participated in protected activity under the ADA by requesting to return to work full time and sending a letter to Defendant through her attorney asking Defendant to stop discriminating against her.

53. Shortly after receiving the letter, Defendant locker Plaintiff out of her work computer system and ultimately terminated her.

54. Defendant terminated Plaintiff because of her disability.

55. By conduct including but not limited to that described above, Plaintiff was treated differently and less favorably than similarly situated non-disabled employees by

Defendant. As a result, she was subject to different terms and conditions of employment and terminated due to her disability.

56. By conduct including but not limited to that described above, Defendant intentionally retaliated against Plaintiff because of her disability in the enjoyment of the benefits, privileges, and terms and conditions of her employment, in violation of the ADA.

57. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Mary Jo Kufeld, seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA, as amended;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of the costs of this action and reasonable attorney's fees;

e. An order requiring Defendants to remove any and all negative and/or adverse information from Plaintiff's personnel file and employment records and to correct or withdraw any such information that previously had been communicated or disseminated to any other party;

f. A permanent injunction preventing Defendants from further violations of Plaintiff's constitutional and statutory rights; and

g. Such other and further relief as this Court may deem just and equitable.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION- "REGARDED AS" DISABLED DISCRIMINATION

59. The previous paragraphs are hereby restated and re-alleged as if fully set forth in Count IV.

60. Defendant regarded Plaintiff as being disabled because of her total hip replacement surgery and subsequent medical and health conditions she had.

61. Defendant refused to allow Plaintiff to return to work full time, retaliated against her when she asked to return to her regular work schedule, and ultimately terminated Plaintiff because it regarded her as disabled.

62. At all relevant times, Plaintiff was capable of performing all of the essential functions of her job with or without a reasonable accommodation.

63. By conduct including, but not limited to that described above, Defendant discriminated against Plaintiff in violation of her rights under the ADA.

64. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Mary Jo Kufeld, seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA, as amended;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory and punitive damages in an amount to be determined at trial;

d. An award of the costs of this action and reasonable attorney's fees;

e. An order requiring Defendants to remove any and all negative and/or adverse information from Plaintiff's personnel file and employment records and to correct or withdraw any such information that previously had been communicated or disseminated to any other party;

f. A permanent injunction preventing Defendants from further violations of Plaintiff's constitutional and statutory rights; and

g. Such other and further relief as this Court may deem just and equitable.

## -COUNT V-
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## AGE DISCRIMINATION - DEMOTION

65. The previous paragraphs are hereby restated and re-alleged as if fully set forth in Count V.

66. Defendant cut Plaintiff's hours in half without any basis, which significantly altered the terms and conditions of her employment.

67. At the time of demotion, Ms. Kufeld was over 40 years of age.

68. Upon information and belief, a younger employee replaced Plaintiff.

69. Upon information and belief, similarly situated younger employees were not demoted by Defendant.

70. Defendant demoted Ms. Kufeld because of her age.

71. As a direct and proximate result of Defendant's conduct, Plaintiff suffered substantial wage loss and benefits, emotional distress, mental anguish, humiliation, and embarrassment.

WHEREFORE, Plaintiff Mary Jo Kufeld, seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADEA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory and punitive damages in an amount to be determined at trial;

d. An award of the costs of this action and reasonable attorney's fees;

e. An order requiring Defendants to remove any and all negative and/or adverse information from Plaintiff's personnel file and employment records and to correct or withdraw any such information that previously had been communicated or disseminated to any other party;

f. A permanent injunction preventing Defendants from further violations of Plaintiff's constitutional and statutory rights; and

g. Such other and further relief as this Court may deem just and equitable.

### -COUNT VI-
### AGE DISCRIMINATION IN EMPLOYMENT ACT
### AGE DISCRIMINATION - TERMINATION

72. The previous paragraphs are hereby restated and re-alleged as if fully set forth in Count VI.

73. Upon information and belief, Defendant hired a much younger employee to replaced Plaintiff, and terminated Plaintiff.

74. At the time of termination, Ms. Kufeld was over 40 years of age.

75. Upon information and belief, similarly situated younger employees were not terminated by Defendant.

76. Defendant terminated Ms. Kufeld because of her age.

77. As a direct and proximate result of Defendant's conduct, Plaintiff suffered substantial wage loss and benefits, emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Mary Jo Kufeld, seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADEA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory and punitive damages in an amount to be determined at trial;

d. An award of the costs of this action and reasonable attorney's fees;

e. An order requiring Defendants to remove any and all negative and/or adverse information from Plaintiff's personnel file and employment records and to correct or withdraw any such information that previously had been communicated or disseminated to any other party;

f. A permanent injunction preventing Defendants from further violations of Plaintiff's constitutional and statutory rights; and

g. Such other and further relief as this Court may deem just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted,

Mary Jo Kufeld,

By: /s/ Kevin F. O'Connor.
    Attorney for Plaintiff

Kevin F. O'Connor (ARDC# 6300449)
Heewon O'Connor (ARDC# 6306663)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 312
Elmhurst, IL 60126
Tel.  630-903-6397
Fax. 630-658-0336
kevin@oconnor-oconnor.com
heewon@oconnor-oconnor.com